UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL LAVAR GRANT,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

23-cv-8201 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    Plaintiff Michael Grant brought this action under the Social Security Act to challenge the Acting Commissioner of Social Security's finding that Grant was not entitled to Disability Insurance Benefits or eligible for Supplemental Security Income. The Court referred the case to Magistrate Judge Netburn for a Report and Recommendation. In a Report and Recommendation filed on February 2, 2024, Magistrate Judge Netburn recommended that the Court dismiss the case.

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

    In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections and warned that failure to timely file such objections would result in waiver of any right to object. In addition,

it expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Grant has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Specifically, the Court finds that Magistrate Judge Netburn correctly concluded that Grant's claims must be dismissed as time barred. The Social Security Act requires that any civil action must be filed within 60 days of a receipt of the final decision of the Commissioner. *See* 42 U.S.C. § 405(g). Grant filed this case over two years after the final decision on his request for benefits. *See* Dkt. 17 at 2. Grant did not request an extension. Grant also did not respond to Magistrate Judge Netburn's order to show cause why the Court should toll the period for filing a complaint. *See* Dkts. 17, 18. The action is therefore untimely and must be dismissed. *See Pressley v. Astrue*, 2013 WL 3974094, at *3 (S.D.N.Y. Aug. 2, 2013)

The Report and Recommendation is adopted in its entirety. The Clerk of Court is directed to terminate Dkt. 16, to mail this Order to Grant, and to close this case.

SO ORDERED.

Dated: February 27, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

2